UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PHILIP G. GROVES,<br><br>    Plaintiff and counter-defendant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant and counter-claimant. | Case No: 1:16-cv-02485<br>The Hon. John F. Kness |

**UNITED STATES' STATEMENT OF UNDISPUTED MATERIAL FACTS**

Pursuant to Fed. R. Civ. P. 56(c) & N.D. Ill. Civ. R. 56.1(a), the United States submits the following statement of undisputed material facts.

1.    On October 5, 2015, a delegate of the Secretary of the Treasury assessed a penalty, pursuant to 26 U.S.C. § 6700, against Philip G. Groves in the amount of $2,380,346. (Ex. 1 at 2 (Certified Form 4340, Certificate of Assessments, Payments, and Other Specified Matters), attached to the Declaration of Timothy A. Stern.)

2.    With a check dated October 13, 2015, Groves paid $357,052 to the United States Treasury, an amount equal to 15% of the penalty assessed against him pursuant to 26 U.S.C. § 6700. (ECF No. 130 ¶ 23; ECF No. 131 ¶ 23; *see also* ECF No. 130-4 (copy of check remitted by Groves to the United States).) Groves' payment of $357,052 was received by the IRS as of October 16, 2015. (Ex. 1 at 2 (indicating "subsequent payment" of $357,052 as of October 16, 2015).)

3.    On October 26, 2015, Groves filed Form 6118 ("Claim for Refund of Tax Return Preparer and Promoter Penalties") with the IRS, seeking a refund of the $357,052 payment.

1

(ECF No. 130 ¶ 24; ECF No. 131 ¶ 24; *see also* ECF No. 130-5 (Form 6118 ("Claim for Refund of Tax Return Preparer and Promoter Penalties")).)

4. The Form 6118 ("Claim for Refund of Tax Return Preparer and Promoter Penalties") submitted by Groves sets forth the following six reasons for claiming a refund of the penalty assessed against him pursuant to 26 U.S.C. § 6700:

ATTACHMENT

The payment of the penalty should be refunded for the following reasons:

1. The IRS' assessment of the penalty is untimely under 26 U.S.C. § 6501 or 28 U.S.C. § 2462 or the doctrine of laches or any other applicable statute of limitations or common law doctrine limiting the time that the IRS had to assess the penalty.
2. The elements of 26 U.S.C. § 6700(a) are not satisfied so the penalty does not apply. More specifically, Mr. Groves did not organize (i) a partnership or other entity, or (ii) any investment plan or arrangement, or (iii) any other plan or arrangement, or participate (directly or indirectly) in the sale of any interest in such an entity or plan or arrangement, and make or furnish or cause another to make or furnish (in connection with such organization or sale) either of the statements described in 26 U.S.C. § 6700(a)(2).
3. The IRS miscomputed the penalty. For example:
    a. The maximum penalty for "an activity" is "50 percent of the gross income derived (or to be derived) from such activity." 26 U.S.C. § 6700(a)(2)(B). The IRS erred in imposing a penalty equal to 100% of gross income on the same activity.
    b. The IRS miscomputed the gross income upon which the penalty was based. For example:
        i. The IRS erroneously included in its computation of gross income amounts of income that were not "derived (or to be derived)" from the relevant activity.
        ii. The IRS erroneously included in "gross income" gross amounts that Mr. Groves (or purportedly entities) received for dealings in property rather than "gains derived from dealings in property". See 26 U.S.C. § 61(a)(3).
        iii. The IRS erroneously included in its computation of gross income amounts that were not gross income to Mr. Groves.
4. The penalty is unconstitutionally excessive.
5. The IRS may have already collected some or all of the penalty.
6. Any other reason provided in the Protest to the IRS Notice of Proposed Adjustment regarding this penalty. See Exhibit A.

(ECF No. 130-5 at 5 (Form 6118 ("Claim for Refund of Tax Return Preparer and Promoter Penalties")).)

5. The Form 6118 ("Claim for Refund of Tax Return Preparer and Promoter Penalties") submitted by Groves does not refer to or discuss 26 U.S.C. § 6751(b). (ECF No. 130-5 (Form 6118 ("Claim for Refund of Tax Return Preparer and Promoter Penalties")).)

6. On June 12, 2020, Groves filed an amended complaint in this case, seeking a determination that he is not liable for the penalty assessed on October 5, 2015, pursuant to 26 U.S.C. § 6700, and for recovery of all payments made toward that penalty. (ECF No. 130.)

7. In his amended complaint, Groves alleges that the "IRS unlawfully assessed the I.R.C. § 6700 penalty because the IRS failed to comply with I.R.C. § 6751(b)." (ECF No. 130 ¶ 28.)

8. In his amended complaint, Groves alleges that the "IRS did not satisfy Title 26's procedural requirements set forth in Section 6751(b) when assessing the I.R.C. § 6700 penalty against Groves by failing to obtain timely approval in writing by the immediate supervisor of the individual making the penalty determination against him as required by I.R.C. § 6751(b)." (ECF No. 130 ¶ 30(b).)

Dated: September 18, 2020

Respectfully submitted,

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

/s/ Richard G. Rose
KARI M. LARSON
Senior Litigation Counsel
RICHARD G. ROSE
Trial Attorney
U.S. Department of Justice
Tax Division
P.O. Box 7238
Ben Franklin Station
Washington, D.C. 20044
(202) 514-2901

*Attorneys for the United States of America*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 18, 2020, a copy of the foregoing was served upon all Counsel of Record via ECF.

                                            /s/ Richard G. Rose
                                            RICHARD G. ROSE
                                            Trial Attorney
                                            U.S. Department of Justice