UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PHILIP G. GROVES,<br><br>Plaintiff and counter-defendant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant and counter-claimant. | Case No: 1:16-cv-02485<br>The Hon. John F. Kness |

**MEMORANDUM OF LAW IN SUPPORT OF UNITED STATES' MOTION FOR PARTIAL SUMMARY JUDGMENT**

The basis for a suit for a refund of taxes or (as in this case) a tax penalty alleged to have been erroneously assessed is limited to the grounds set forth in an administrative claim for refund presented to the IRS. In fact, the filing of an administrative claim with the IRS is a mandatory prerequisite to filing a refund suit in district court. That administrative refund claim must set forth in detail each ground upon which a refund is claimed and provide facts sufficient to apprise the IRS of the taxpayer's position. Moreover, the grounds for relief set forth in the taxpayer's refund suit cannot vary substantially from those grounds argued before the IRS. This principal is commonly known as the variance doctrine. The variance doctrine ensures that the IRS is fully apprised of the basis for each refund claim which, in turn, allows the IRS to conduct an administrative investigation of those claims, correct any errors, and limit the scope of further refund litigation.

Here, Philip G. Groves was assessed a penalty, pursuant to 26 U.S.C. § 6700, for organizing, promoting, and selling a distressed asset debt tax shelter. Groves disputes his liability for that penalty, and he filed a claim for refund with the IRS, setting forth in detail six distinct reasons why the penalty was assessed without authority. Nowhere, however, in his claim for

refund did Groves assert that the IRS failed to comply with the supervisory approval provision of 26 U.S.C. § 6751(b). Consequently, to the extent Groves seeks a refund in this suit because the IRS did not comply with § 6751(b), that claim impermissibly varies from or augments his administrative claim for refund, and the Court is therefore precluded from considering the merits of that contention. As a result, the United States seeks judgment as a matter of law on Groves' allegation that the IRS failed to comply with the supervisory approval provision set forth in § 6751(b).

## STATEMENT OF FACTS

Pursuant to Fed. R. Civ. P. 56(c) & N.D. Ill. Civ. R. 56.1(a), the United States has concurrently filed a separate statement of undisputed material facts.

## ARGUMENT

A party may move for summary judgment on all or part of a claim. Fed. R. Civ. P. 56(a). Summary judgment should be granted if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Id.* "Summary judgment is all about determining whether facts are disputed to a degree to warrant a trial or instead entitle a party to prevail as a matter of law." *Hinterberger v. City of Indianapolis*, 966 F.3d 523, 527 (7th Cir. 2020) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)). Here, there is no dispute that one of Groves' claims in this case – that the IRS failed to comply with the supervisory approval provision of § 6751(b) – impermissibly varies from his administrative claim for refund. Because the variance doctrine bars a taxpayer, in a refund suit, from arguing a basis for a refund that was not raised in the administrative claim for refund, partial summary judgment on this issue is appropriate.

## I. THE VARIANCE DOCTRINE BARS A TAXPAYER, IN A REFUND SUIT, FROM ARGUING A BASIS FOR A REFUND THAT WAS NOT RAISED IN THE ADMINISTRATIVE CLAIM.

This is a suit for the recovery of a penalty alleged to have been erroneously assessed and collected. The Internal Revenue Code provides that "[n]o suit or proceeding shall be maintained in any court for the recovery of . . . any penalty claimed to have been collected without authority . . . until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof." 26 U.S.C. § 7422(a). The applicable Treasury regulations, in turn, provide that a claim for refund "must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof." 26 C.F.R. § 301.6402-2(b)(1). A claim that does not set forth each ground upon which a refund is claimed "will not be considered for any purpose as a claim for refund[.]" *Id*.

Taken together, the exhaustion requirement of § 7422(a) and the above Treasury regulation mean that a taxpayer bringing a refund suit is limited to the grounds for relief that were fairly contained within his administrative refund claim. *E.g.*, *Charter Co. v. United States*, 971 F.2d 1576, 1579 (11th Cir. 1992); *MOK Partners v. United States*, 673 F. Supp. 918, 921 (N.D. Ill. 1987) (citing *Boyd v. United States*, 762 F.2d 1369, 1371-72 (9th Cir.1985)) ("Taxpayers cannot raise issues in a lawsuit not first raised in that refund claim."); *McMorrow v. United States*, 1995 WL 3961, at *1 (N.D. Ill. 1995) (same); *see also* 26 C.F.R. § 301.6402-2(b)(1) ("No refund or credit will be allowed . . . except upon one or more of the grounds set forth in a claim filed before the expiration of [the period for filing a refund claim].") After all, if a taxpayer files suit seeking a refund on grounds not contained in the refund claim, then the taxpayer will not have complied with the requirement that the refund claim "set forth in detail each ground upon which a . . . refund is claimed," 26 C.F.R. § 301.6402-2(b)(1), and will

therefore not have filed his refund claim "according to the . . . regulations of the Secretary," 26 U.S.C. § 7422(a), which is the prerequisite to maintaining his refund suit. *See*, *e.g.*, *Angelus Milling Co. v. Comm'r*, 325 U.S. 293, 296-99 (1945); *United States v. Felt & Tarrant Mfg. Co.*, 283 U.S. 269 (1931).

Thus, it is well-settled that the federal courts may not "entertain taxpayer allegations that impermissibly vary or augment the grounds originally specified in the administrative refund claim." *Charter Co*., 971 F.2d at 1579. This rule – sometimes called the "variance" or "substantial variance" doctrine, *see*, *e.g.*, *Rodgers v. United States*, 843 F.3d 181, 195 (5th Cir. 2016); *Lockheed Martin Corp. v. United States*, 210 F.3d 1366, 1371 (Fed. Cir. 2000) – operates to "permit the Commissioner to correct claimed errors in the first instance and, if disagreement persists, to limit the litigation to the issues which have been re-examined by the Commissioner and which he is prepared to defend." *Carmack v. Scofield*, 201 F.2d 360, 362 (5th Cir. 1953). *See also Danly Machine Corp. v. United States*, 356 F. Supp. 1284, 1287 (N.D. Ill. 1972) ("a taxpayer cannot advance one ground for refund in his filed claim and then rely upon an entirely different ground in a subsequent suit" – the "purpose of this rule is to fully apprise the Commissioner of the grounds for the taxpayer's claim so that he may make a proper decision and to narrow the issues involved").

In this case, there is no dispute that, in his refund claim, Groves did not allege noncompliance with the supervisory-approval requirement of § 6751(b) as a basis for awarding him a refund. (*See* Statement of Undisputed Material Facts ("SMF") ¶ 5.) Indeed, Groves listed six specific reasons as to why he was entitled to a refund. None of those reasons discusses or even references § 6751(b). On the contrary, Groves asserted that the assessment was untimely. (*See* SMF ¶ 4.) He argued that he did not violate § 6700 because he did not organize, promote, or

sell a distressed asset debt tax shelter. (*See* SMF ¶ 4.) He argued that the IRS miscomputed the penalty and that the penalty was unconstitutionally excessive. (*See* SMF ¶ 4.) He argued that the IRS may have already collected some or all of the penalty. (*See* SMF ¶ 4.) And, finally, Groves attempted to rely on "any other reason" outlined in his written protest to the IRS regarding the proposed assessment. (*See* SMF ¶ 4.) But even this "catch all" effort to incorporate the entirety of his protest letter is no help. Review of that letter likewise reveals that Groves never raised the issue of IRS compliance with § 6751(b). (*See* SMF ¶¶ 4, 5.)

By contrast, Groves has made very specific allegations of non-compliance with § 6751(b) in his amended complaint in this case. For example, Groves now alleges that the "IRS did not satisfy Title 26's procedural requirements set forth in Section 6751(b) when assessing the I.R.C. § 6700 penalty against Groves by failing to obtain timely approval in writing by the immediate supervisor of the individual making the penalty determination against him as required by I.R.C. § 6751(b)." (SMF ¶ 8; *see also id.* ¶ 7.) This is precisely the type of language that Groves was required to include in his refund claim – but did not. Instead, he waited to address the issue for the first time in an ***amended*** complaint. As a result, this Court is prohibited from considering the § 6751(b) issue as a basis for awarding a refund. *See Ginsburg v. United States*, 17 F.4th 78 (11th Cir. 2021).

*Ginsburg v. United States* involved a partner-level refund claim for a 40% penalty arising from Ginsburg's participation in an abusive tax shelter. Ginsburg challenged the penalty on the ground that the IRS purportedly failed to obtain the supervisory approval required by 26 U.S.C. § 6751(b). The Eleventh Circuit held that the district court correctly refused to consider Ginsburg's § 6751(b) argument because he did not raise the argument in his refund claim. In short, *Ginsburg* provides Circuit-level authority for the proposition that Groves was required to

raise his § 6751(b) argument in his administrative refund claim. *See also Duggan v. United States*, 757 Fed. Appx. 533, 535 (9th Cir. 2018) (affirming summary judgment regarding claim that the IRS failed to comply with § 6751(b) and rejecting "as meritless [taxpayer's] contention that the district court should have permitted him to present claims in this action that vary substantially from the basis for [his] claims set forth in his administrative refund claims").[1]

At bottom, it would have been simple for Groves to include his § 6751(b) argument in his administrative claim for refund. *Charter Co.*, 941 F.2d at 1579. To be sure, § 6751(b) had been in the Internal Revenue Code for almost twenty years at that point. *See Mellow Partners v. Comm'r*, 890 F.3d 1070, 1081-82 (D.C. Cir. 2018). Groves, however, never alleged in his claim for refund that the IRS failed to comply with § 6751(b). Accordingly, the Court lacks jurisdiction to entertain that contention as a basis for awarding a refund. *Charter Co.*, 941 F.2d at 1580; *Logan*, 2018 WL 3067892, at *4.

[1] While not explicitly discussing the variance doctrine, numerous other courts have refused to entertain belatedly articulated arguments that the IRS failed to comply with 26 U.S.C. § 6751. *See United States v. Komlo*, 802 Fed. Appx. 676, 679 (3d Cir. 2020) (rejecting taxpayer's argument that "the IRS imposed the penalty without proof of a supervisor as required by 26 U.S.C. § 6751(b)(1)" – raised for the first time on motion for reconsideration in the district court – as "too little, too late"); *Blau v. Comm'r*, 924 F.3d 1261, 1272 (D.C. Cir. 2019) (refusing to excuse taxpayer's failure to raise its § 6751 argument before the Tax Court); *Baxter v. Comm'r*, 910 F.3d 150, 169 n.3 (4th Cir. 2018) ("Taxpayers did not raise [compliance with § 6751(b)(1)] before the Tax Court or in its opening brief to this Court, and therefore we decline to address it now."); *Curtis Investment Company, LLC v. Comm'r*, 909 F.3d 1339, 1354 (11th Cir. 2018) (declining to consider challenge under § 6751(b) raised "for the first time in supplemental appellate briefing"); *Mellow Partners v. Comm'r*, 890 F.3d 1070, 1080-82 (D.C. Cir. 2018) (refusing to consider a § 6751 challenge brought for the first time on appeal); *Kaufman v. Comm'r*, 784 F.3d 56, 71 (1st Cir. 2015) (refusing to consider a § 6751 challenge brought for the first time on appeal and stating that the taxpayers "had the responsibility of *arguing* in the Tax Court that the Commissioner had not complied with the statute in order to put the Commissioner on notice that the issue was in dispute").

## II. THE VARIANCE DOCTRINE APPLIES EQUALLY IN REFUND SUITS WHERE THE UNITED STATES HAS COUNTERCLAIMED FOR THE BALANCE OF THE ASSESSED PENALTY.

The variance doctrine applies where – as here – the United States has brought a counterclaim to reduce to judgment the balance of the penalty assessment. Ordinarily, full payment of a tax assessment is required before bringing a refund suit in federal court. *See Flora v. United States*, 357 U.S. 63, 72-75 (1958). The penalty assessment in this case, however, is divisible, *i.e.*, partial payment of the penalty is sufficient to confer jurisdiction over the refund claim. *See DAC Management, LLC v. United States*, 275 F.Supp.3d 928, 930 (N.D. Ill. 2017) (explaining that suit may be filed to challenge penalties assessed pursuant to § 6700 for promotion of abusive tax shelters if 15% of the penalty has been paid); *see also University of Chicago v. United States*, 547 F.3d 773, 785 (7th Cir. 2008) (where a tax is divisible, the "government will usually bring a counterclaim for the remainder of the tax due") (citations omitted). In a suit for refund of a divisible penalty such as this one, the variance doctrine applies equally to the United States' counterclaim for the balance of the assessment as it does Groves' refund suit. *See Cencast Services, L.P. v. United States*, 94 Fed. Cl. 425, 442 (2010) (noting that a taxpayer may only raise defenses not previously raised in a claim for refund where the Government inserts new issues into the lawsuit), *aff'd, Cencast Services, L.P. v. United States*, 729 F.3d 1352, 1367-68 (Fed. Cir. 2013).

As the court in *Cencast Services, L.P.* observed, a taxpayer "may not take advantage of the divisible nature of employment taxes to insert an otherwise barred issue into this litigation." 94 Fed. Cl. at 443. Where, as here, the counterclaim is "based on the same theory the IRS asserted throughout the administrative process," the United States places "the entire amount of plaintiffs' assessment at issue before this court" and the counterclaim does not "raise 'new issues' permitting plaintiffs to assert claims not raised in their administrative refund claims." *Id.*

Groves filed his administrative claim for refund and, thereafter, the IRS made no modification to its theory of liability for the assessment. Put simply, Groves cannot avoid the variance doctrine because he elected to pay $357,052 to file a suit for refund, leaving the United States to counterclaim for the remaining $2,023,294. (SMF ¶¶ 1-3, 6.)

Moreover, where a taxpayer sues for a refund of a divisible tax, that suit is meant to "test the validity of the ***entire assessment***." *Lucia v. United States*, 474 F.2d 565, 576 (5th Cir.1973) (emphasis added). Indeed, as the Seventh Circuit has explained, where a tax is "divisible," "the taxpayer may pay the full amount on one transaction, sue for a refund for that transaction, and have the outcome of this suit determine his liability for ***all the other, similar transactions***." *University of Chicago*, 547 F.3d at 785 (emphasis added) (citation omitted). *See also Diversified Group Incorporated v. United States*, 841 F.3d 975, 982 (Fed. Cir. 2016) ("the government will generally counterclaim for the remainder of the tax due and both the paid assessment and the unpaid assessments will be litigated in one action"); *Peppers v. United States*, 485 Fed. Appx. 85, 87 (6th Cir. 2012) ("The penalty assessed Peppers is a divisible tax. Thus, she was permitted to pay the employment taxes for one employee, seek a refund for that amount, and challenge her liability for the entire penalty."); *Boynton v. United States*, 566 F.2d 50, 52 (9th Cir.1977) (payment of a divisible tax permits taxpayers to submit a "claim for refund, and to institute suit for recovery, as a means of ***settling the question*** of the right of the government to have made penalty assessment against them in the circumstances of the situation") (emphasis added) (quoting *Steele v. United States*, 280 F.2d 89, 91 (8th Cir.1960)). Thus, Groves' refund suit placed the validity of the entire penalty assessment at issue – and the nature of Groves' challenge to the validity of that assessment is cabined by the terms of his administrative claim for refund.

## CONCLUSION

Groves filed a refund claim with the IRS that identified six specific reasons why the penalty in this case should be abated. The IRS investigated those contentions, and concluded they lacked merit. This refund suit followed. Groves now contends that an entirely new issue – whether the IRS complied with the supervisory approval requirement for certain penalty assessments – is dispositive. Refund ***litigation***, however, is limited to the bases set forth in the taxpayer's ***administrative*** claim for refund with the IRS. This rule – known as the variance doctrine – will undoubtedly produce harsh results on occasion. But the benefit of uniform application of the rule – permitting the IRS to investigate taxpayer contentions, correcting errors at the administrative level, and limiting district court refund suits to only those matters the IRS is ready and willing to defend – is significant enough to justify acute results in particular cases. For all of these reasons, the United States' motion for partial summary judgment should be granted.

Dated: March 24, 2023

Respectfully submitted,

DAVID A. HUBBERT
Deputy Assistant Attorney General

s/ Richard G. Rose
KARI M. LARSON
Senior Litigation Counsel
RICHARD G. ROSE
Trial Attorney
U.S. Department of Justice
Tax Division
P.O. Box 7238
Ben Franklin Station
Washington, D.C. 20044
(202) 514-2901

*Attorneys for the United States of America*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 24, 2023, a copy of the foregoing was served upon all Counsel of Record via ECF.

/s/ Richard G. Rose
RICHARD G. ROSE
Trial Attorney
U.S. Department of Justice