**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| PHILIP G. GROVES, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:16-cv-02485 |
| | ) | |
| v. | ) | The Honorable John F. Kness |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S LOCAL RULE 56.1**
**STATEMENT OF DISPUTED AND ADDITIONAL FACTS**

Pursuant to Local Rule 56.1(a), Plaintiff Philip G. Groves ("Groves") responds to Defendant the United States of America's Local Rule 56.1 Statement of Additional Facts (Dkt. 195) as follows:

40. The IRS communication to Groves dated May 20, 2015 included, among other things, a transmittal letter, Form 5071 (Notice of Proposed Adjustment), Form 886A (Explanation of Items), and additional exhibits in the form of "Penalty Computation Schedules." (ECF No. 145-1.)

**RESPONSE:** Undisputed, except that the Notice of Proposed Adjustment is Form 5701, not Form 5071.

41. Michael A. Halpert is a Program Manager in the Large Business and International (LB&I) Division of the Internal Revenue Service, Pass-Through Entities Practice Area. (ECF No. 148 (Halpert Decl.) ¶ 1.)

**RESPONSE:** Undisputed that Halpert so stated in his declaration, but Groves lacks sufficient basis to confirm or deny the asserted fact in Paragraph 41.

42. Halpert oversees all of LB&I's abusive tax scheme promoter investigations. From 2008 to 2018, Halpert was the front-line manager of LB&I's tax shelter promoter team. The Philip G. Groves promoter investigation was assigned to his team. (ECF No. 148 (Halpert Decl.) ¶ 1.)

**RESPONSE:** Undisputed that Halpert so stated in his declaration, and that an electronic signature for Halpert appears as the Manager's signature in box 11a of Form 8278, dated August 19, 2015, which the IRS admits is proof of compliance with 26 U.S.C. § 6751. Groves otherwise lacks sufficient factual basis to confirm or deny the asserted facts in Paragraph 42.

43. Revenue Agent Tamyra Hughes was the primary revenue agent responsible for investigating Groves' conduct in organizing and promoting an abusive tax scheme. Halpert was Hughes' immediate supervisor during this investigation. Hughes was assigned the case in September 2013 and worked on the matter until her retirement in 2018. (ECF No. 148 (Halpert Decl.) ¶ 4.)

**RESPONSE:** Undisputed that Halpert so stated in his declaration, that Revenue Agent Tamyra Hughes made the initial determination of the § 6700 penalty, and that Halpert was her immediate supervisor. Groves otherwise lacks sufficient factual basis to confirm or deny the asserted facts in Paragraph 43.

44. Halpert was authorized to provide written supervisory approval of any initial penalty determinations made by Hughes as her immediate supervisor and the one overseeing the penalty investigation of Groves. (ECF No. 148 (Halpert Decl.) ¶ 6.)

**RESPONSE:** Undisputed that Halpert so stated in his declaration, that Revenue Agent Tamyra Hughes made the initial determination of the § 6700 penalty, and that Halpert was her immediate supervisor. Groves otherwise lacks sufficient factual basis to confirm or deny the asserted facts in Paragraph 44.

45. Before the May 20, 2015 transmittal letter, Form 5701 (Notice of Proposed Adjustment), and Form 886A (Explanation of Items) was [sic] sent to Groves, which advised him of the potential penalties relating to his abusive tax scheme, Halpert reviewed numerous drafts of Hughes' analysis and proposed communications with Groves. (ECF No. 148 (Halpert Decl.) ¶ 7.)

**RESPONSE:** Undisputed that Halpert so stated in his declaration, and that Halpert sent emails to Hughes on May 18, May 19, and May 20, 2015, regarding proposed communications with Groves.

46. On May 18, 2015, Halpert sent an email to Hughes attaching a non-final draft of a transmittal letter to Groves regarding potential penalties that might be assessed against him under 26 U.S.C. § 6700. (ECF No. 148 (Halpert Decl.) ¶¶ 8–9; ECF Nos. 148-1, 148-2 (Exhibits 2–3 to Halpert Decl.).)

**RESPONSE:** Undisputed that, as reflected in Halpert Decl. ¶ 8 and accompanying Exhibit 2, on May 18, 2015, Halpert sent an email to Hughes attaching a non-final draft of a transmittal letter to Groves regarding potential penalties that might be assessed against Groves under 26 U.S.C. § 6700.

Objection as to Halpert Decl. ¶ 9 and accompanying Exhibit 3, which are not admissible evidence and therefore cannot be considered at summary judgment. Exhibit 3 was not produced during discovery and is materially different from the PDF produced during discovery—which did not reflect any edits in "Track Changes," "reveal[] [Halpert's] edits and revisions to Agent Hughes' draft," or demonstrate that Hughes "incorporated [Halpert's] edits into the letter that [Hughes] sent to Mr. Groves" (Halpert Decl. ¶ 9). (*See* ECF No. 151, Pl.'s Motion to Strike.)

47. In the body of the May 18, 2015 email from Halpert to Hughes, Halpert requests a discussion with Hughes after she has "had a chance to review" the draft. (ECF No. 148 (Halpert Decl.) ¶ 8; ECF No. 148-1 (Exhibit 2 to Halpert Decl. at 1).)

**RESPONSE:** Undisputed.

48. On May 19, 2015, Halpert sent another email to Hughes attaching a second, non-final draft of the transmittal letter to Groves. (ECF Nos. 148 (Halpert Decl.) ¶¶ 10–11; ECF Nos. 148-3, 148-4 (Exhibits 4–5 to Halpert Decl.).)

**RESPONSE:** Undisputed that, as reflected in Halpert Decl. ¶ 10 and accompanying Exhibit 4, on May 19, 2015, Halpert sent an email to Hughes attaching a non-final draft of a transmittal letter to Groves.

Objection as to Halpert Decl. ¶ 11 and accompanying Exhibit 5, which are not admissible evidence and therefore cannot be considered at summary judgment. Exhibit 5 was not produced during discovery and is materially different from the PDF produced during discovery—which did

not reflect any edits in "Track Changes," "reveal[] [Halpert's] edits and revisions to Agent Hughes' draft," or demonstrate that Hughes "incorporated [Halpert's] edits into the letter that [Hughes] sent to Mr. Groves" (Halpert Decl. ¶ 11). (*See* ECF No. 151, Pl.'s Motion to Strike.)

49. In the body of the May 19, 2015 email from Halpert to Hughes, Halpert informs Hughes that he "[m]ade a few changes" to the draft and asks Hughes if she "can cram everything into 3 pages." (ECF No. 148 (Halpert Decl.) ¶ 10; ECF No. 148-3 (Exhibit 4 to Halpert Decl. at 1).)

**RESPONSE:** Undisputed.

50. On May 20, 2015, Halpert sent another email to Hughes attaching a third, non-final draft of the transmittal letter to Groves. (ECF No. 148 (Halpert Decl.) ¶¶ 12–13; ECF Nos. 148-5, 148-6 (Exhibits 6–7 to Halpert Decl.).)

**RESPONSE:** Undisputed that, as reflected in Halpert Decl. ¶ 12 and accompanying Exhibit 6, on May 20, 2015, Halpert sent an email to Hughes attaching a non-final draft of a transmittal letter to Groves.

Objection as to Halpert Decl. ¶ 13 and accompanying Exhibit 7, which are not admissible evidence and therefore cannot be considered at summary judgment. Exhibit 7 was not produced during discovery and is materially different from the PDF produced during discovery—which did not reflect any edits in "Track Changes," "reveal[] [Halpert's] edits and revisions to Agent Hughes' draft," or demonstrate that Hughes "incorporated [Halpert's] edits into the letter that [Hughes] sent to Mr. Groves" (Halpert Decl. ¶ 13). (*See* ECF No. 151, Pl.'s Motion to Strike.)

51. In the body of the May 20, 2015 email from Halpert to Hughes, Halpert references his "never-ending edits" and poses three additional questions for Hughes to clarify. (ECF No. 148 (Halpert Decl.) ¶ 12; ECF No. 148-5 (Exhibit 6 to Halpert Decl. at 1).)

**RESPONSE:** Undisputed.

52. Halpert, as immediate supervisor to Hughes during this investigation, retained the discretion and authority to approve or disapprove the penalties against Groves at any point before the assessment. A determination that the assessments should not be made could be based on new facts provided by Groves, new arguments provided by Groves, or a change in the law, among other reasons. (ECF No. 148 (Halpert Decl.) ¶ 14.)

**RESPONSE:** Undisputed that Halpert so stated in his declaration and that Halpert was Hughes's immediate supervisor. Groves otherwise lacks sufficient factual basis to confirm or deny the remaining statements in Paragraph 52 and objects insofar as the statements are legal conclusions, not alleged material facts, and not supported by admissible evidence.

53. Halpert signed a penalty assessment package against Groves that consisted of a memorandum he prepared, along with IRS Form 8278, which both Hughes and Halpert signed. (ECF No. 148 (Halpert Decl.) ¶ 15; ECF No. 148-7 (Exhibit 8 to Halpert Decl.).)

**RESPONSE:** Undisputed that Exhibit 8 includes a memorandum purporting to be from Halpert as well as a Form 8278 that includes an electronic signature from Halpert on August 19, 2015, and from Hughes on August 18, 2015—months after the initial determination on May 20, 2015.

54. On May 4, 2016, the IRS referred this matter to the Department of Justice for defense of Groves' refund suit. (ECF No. 165-1 at ¶ 4.)

**RESPONSE:** Undisputed that counsel for the Government so stated in her declaration. Groves otherwise lacks sufficient factual basis to confirm or deny the asserted facts in Paragraph 54.

55. On May 26, 2017, the United States filed an answer and counterclaim, "at the direction of the Attorney General of the United States with the authorization and at the request of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury." (ECF No. 48 at 8, ¶ 2.)

**RESPONSE:** Undisputed that Paragraph 55 accurately quotes a portion of the Government's Answer and Counterclaim. Groves otherwise lacks sufficient factual basis to confirm or deny the asserted facts in Paragraph 55.

56. On April 23, 2020, Groves attended, through his counsel, an IRS collections due process equivalent conference with IRS Appeals Officer Amy Atterberry. (ECF No. 163 ¶ 13.) Groves argued that the § 6700 penalty should be abated based on the same arguments he has raised in this suit. (*Id.* ¶ 14; *see also* ECF No. 165-1 ¶ 5.) The conference resulted in a purported abatement of the § 6700 penalty here. (ECF No. 163-1.)

**RESPONSE:** As to the first sentence of Paragraph 56, undisputed that Groves, through counsel, participated in an IRS Appeals Collections Due Process Appeals Conference with IRS Appeals Officer Amy Atterberry on April 23, 2020.

As to the second sentence of Paragraph 56, undisputed that during the conference, Groves' counsel "raised several grounds for why enforced collection such as IRS liens and levies were inappropriate, including that the requirements of any applicable law or administrative procedure" were not met for the 2006 § 6700 penalty at issue in this case, and that Groves raised § 6751(b) as one such applicable law that had not been satisfied. (ECF No. 163 (Moore Decl.) ¶ 14.)

As to the third sentence of Paragraph 56, undisputed that after the conference Appeals Officer Amy Atterberry informed Groves' counsel that the IRS would abate the 2006 § 6700 penalty, and that the IRS did in fact abate the penalty. (*Id.* ¶¶ 16–21; ECF Nos. 163-7, 163-8, 163-9 (Exhibits G–I to Moore Decl.).) Disputed that the result was a "purported abatement," as the IRS did in fact abate the penalty (*See id.* ¶¶ 16–21; ECF Nos. 163-7, 163-8, 163-9 (Exhibits G–I to Moore Decl.), and the abatement was effective until it was invalidly "reversed" (*See* ECF Nos. 177, 177-1, 182).

57. The Department of Justice was not consulted on the purported abatement of the penalty. The Department of Justice did not review, approve, or authorize the purported abatement of the penalty assessment here. (ECF No. 165-1 at ¶ 6.)

**RESPONSE:** As to the first sentence of Paragraph 57, disputed insofar as the statement does not cite any admissible evidence in support of the asserted fact. Groves otherwise lacks sufficient factual basis to confirm or deny the asserted facts in the first sentence of Paragraph 57.

As to the second sentence of Paragraph 57, undisputed that counsel for the Government so stated in her declaration, but Groves lacks sufficient basis to confirm or deny the asserted fact.

Objection as to materiality of Paragraph 57 because whether the Department of Justice was consulted, reviewed, approved, or authorized the abatement is not relevant to the claims and defenses in this case because the abatement was not a "compromise" of a tax liability under 26 U.S.C. § 7122, did not arise from a "case referred to [DOJ]," was not a decision about whether and how to prosecute under 5 U.S.C. § 901, and was not a ministerial error.

May 16, 2023

*s/ Guinevere M. Moore*

Guinevere M. Moore (IL 6297231)
Ajay Gupta (CA 190101)
Moore Tax Law Group LLC
2205 W. Armitage Ave., Suite 1
Chicago, Illinois 60647
Tel: 312-549-9993
Fax: 312-549-9991
guinevere.moore@mooretaxlawgroup.com

David E. Lieberman (IL 6211538)
LEVIN SCHREDER & CAREY, LTD.
120 North LaSalle Street, 38th Floor
Chicago, Illinois 60602
Tel: 312-332-6300
Fax: 312-332-6393
david@lsclaw.com

Gabriel K. Gillett (IL 6328233)
Katherine M. Funderburg (IL 6329702)
Jenner & Block LLP
353 North Clark Street
Chicago, Illinois 60654
Tel: 312-840-7220
Fax: 312-527-0484
ggillett@jenner.com

**CERTIFICATE OF SERVICE**

I hereby certify that on May 16, 2023, a copy of the foregoing was served upon all Counsel of Record via ECF.

*s/ Guinevere M. Moore*
Guinevere M. Moore (IL 6297231)
Moore Tax Law Group LLC
2205 W. Armitage Ave., Suite 1
Chicago, Illinois 60647
Tel: 312-549-9993
Fax: 312-549-9991
guinevere.moore@mooretaxlawgroup.com